1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **CENTRAL DISTRICT OF CALIFORNIA**

10

11    H.S.R. BY AND THROUGH HER        )        NO. CV 12-1880-E
      GUARDIAN AD LITEM MAGDALENE JOHN, )
12                                      )
                      Plaintiff,        )
13                                      )
            v.                          )        **ORDER OF DISMISSAL**
14                                      )
      MICHAEL J. ASTRUE, COMMISSIONER   )
15    OF SOCIAL SECURITY,               )
                                        )
16                    Defendant.        )
      _____)
17

18

19        Plaintiff filed this social security action on March 7, 2012.

20    The parties consented to proceed before a United States Magistrate

21    Judge on March 29, 2012.  Defendant filed an Answer on July 26, 2012.

22

23        The Court ordered that Plaintiff file a motion for summary

24    judgment or remand within thirty (30) days of July 26, 2012.  <u>See</u>

25    "Order," filed March 8, 2012.  By Stipulation and Order filed

26    August 24, 2012, the Court extended this deadline until September 24,

27    2012.  Plaintiff failed to file a motion for summary judgment or

28    remand within the allotted time, as extended.

1    By Minute Order filed October 11, 2012, the Court permitted the
2  withdrawal of Plaintiff's counsel of record.  This Minute Order also
3  advised Plaintiff (through Plaintiff's guardian ad litem), that
4  Plaintiff "must obtain a new attorney before this action can proceed."
5  In the same Minute Order, the Court extended until November 26, 2012,
6  Plaintiff's deadline for filing a motion for summary judgment or
7  remand.  The Minute Order cautioned that "[f]ailure timely to file
8  such a motion may result in the dismissal of this action for failure
9  to prosecute."  Nevertheless, Plaintiff again failed to file the
10  required motion within the allotted time.

11

12    In view of the circumstances discussed above, this action is
13  dismissed without prejudice for failure to prosecute and failure to
14  comply with the Court's orders to file a timely motion for summary
15  judgment or remand.  See Link v. Wabash, R.R., 370 U.S. 626, 629-30
16  (1952) (court has inherent power to achieve the orderly and
17  expeditious disposition of cases by dismissing actions for failure to
18  prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.),
19  cert. denied, 506 U.S. 915 (1992) (court may dismiss action for
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

failure to comply with a court order, after the court considers the appropriate factors);[1] see also Fed. R. Civ. P. 41(b).

        LET JUDGMENT BE ENTERED ACCORDINGLY.


        DATED: November 29, 2012.


                                _____/S/_____
                                    CHARLES F. EICK
                                UNITED STATES MAGISTRATE JUDGE

_____

        [1]    The Court has considered the appropriate factors recited in Ferdik v. Bonzelet and has concluded that dismissal without prejudice is appropriate.  In particular, any less drastic alternative would not be effective under the circumstances of this case.